WILLIAM SILVERMAN, and others,

*vs.*

CHARLES E. LESSOR, and another.

Kennebec.　Opinion March 24, 1896.

*Insolvency.　Discharge.　Foreign Creditor.　Constitutional Law.　Stat. 1893, c. 278.*

The discharge of a debtor under a state insolvency law is no bar to an action by a citizen of another state who did not in any way become a party to the insolvency proceedings.

It is not within the constitutional authority of a state to enact a law that will give such an effect to an insolvent's discharge.

The plaintiffs, citizens of Pennsylvania, sold merchandise through their agent at Waterville, Maine, in 1894, to the defendants, citizens of Maine.　In 1895, the defendants obtained their discharge in insolvency under the laws of Maine and pleaded it in bar of an action subsequently brought here by the plaintiffs, who did not prove their claim or appear in the insolvency court.　*Held;* that the defendant's discharge is not a bar to the action.

It is provided by Stat. of 1893, c. 278, that: "No action shall be maintained in any court in this state, against any inhabitant of this state, who has obtained a discharge from his debts under the insolvent laws of this state upon any claim or demand of any name, kind or nature, that would have been discharged by said insolvency proceedings if proved against said estate."　*Held,* that this Act cannot be allowed to give the discharge in this case such an effect; and that to so construe the act would render it unconstitutional.

*Pullen* v. *Hillman,* 84 Maine, 129, affirmed.

ON REPORT.

This was an action reported by the Superior Court for Kennebec county. It was assumpsit on account annexed to recover seventy-three dollars and seventy-five cents for a quantity of suspenders sold to the defendants by the plaintiffs in November, 1894, or prior thereto; and it was agreed that the claim would have been discharged had it been proved against said defendants' insolvent estate, and is not one that is excepted from the operation of the insolvent laws of Maine.

Defendants admitted the correctness of the account, and that payment was due on or before December 1st, 1894.

On the second day of January, 1895, a warrant in insolvency was issued out of the insolvency court, for Kennebec county, against the defendants individually and as co-partners, and on the twenty-eighth day of January, 1895, they received a discharge in accordance with the provisions of R. S., c. 70, § 62, and amendments thereof and additions thereto.

The plaintiffs did not prove their claim or appear in the insolvency court. They admitted that the defendants duly complied with all the provisions of the insolvent law, and deposited twenty-five per cent of the claim in suit with the register of insolvency in accordance with the terms of the composition settlement made by them.

It was agreed that the contract was made with the defendants by the plaintiffs' traveling agent, duly authorized thereto, who solicited and took the order at Waterville, Maine.

The defendants set up their discharge as a bar to the maintenance of this action.

The plaintiffs replied that the discharge does not affect them, as at the time of contracting said debt and at the time of granting said discharge, they were citizens of the commonwealth of Pennsylvania, and also that their right to maintain this action is guaranteed by par. 1, § 2, Art. 4, of the U. S. Constitution; and § 1, Art. 14, of Amendments to the U. S. Constitution.

*Harvey D. Eaton*, for plaintiffs.

The plaintiffs have a valid and subsisting cause of action against the defendants. *Pullen* v. *Hillman*, 84 Maine, 129, and cases. The question is: has the State of Maine the right

to deny to the plaintiffs the use of its courts in which to enforce performance of the contract?

Old remedies may be abolished and new ones may be substituted therefor, and remedies may be abolished without such substitution. *Lord* v. *Chadbourne*, 42 Maine, 429; *Stocking* v. *Hunt*, 3 Denio, 274. But these principles are general and in their nature subject to certain limitations, the chief of which seems to be that parties shall never be left without some remedy for every substantial cause of action. The cases cited are perfectly compatible with the principle last stated. In *Lord* v. *Chadbourne*, the statute under discussion provided that no action of any kind should be maintained in any court in this State to enforce title to spirituous liquors held in contravention of the State law. Plainly to forbid the use of the court in such a case is no denial of a right, for no right exists. In *Stocking* v. *Hunt*, plaintiff complained of the repeal of the statute allowing distress for rent. The court said that he had left him every remedy that any ordinary creditor had, and he could not complain because his special and peculiar privileges over other creditors had been taken away.

In *Bronson* v. *Kinzie*, 1 How. 316, the court says: "Whatever belongs merely to the remedy may be altered according to the law of the State, provided the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy or directly on the contract itself. In either case it is prohibited by the Constitution."

And this right to proper remedies in State courts is one of the rights guaranteed by the constitution of the United States in par. 1, § 2, Art. 4, and reaffirmed in § 1, Art. 14 of the amendments. *Corfield* v. *Coryell*, 4 Wash. C. C. 380.

The Act of 1893, c. 278, does not and cannot apply to citizens of Maine at all, and it is a matter of common knowledge to bench and bar alike, that it was expressly intended to affect only citizens of other states. It cannot apply to citizens of Maine, because under the circumstances stated in the statute itself no citizen of Maine could have "any claim or demand of

any name, kind or nature, against any inhabitant of this State." The discharge in insolvency wipes the claims and demands of citizens of Maine out of legal existence, provided they be such as could, if in existence, be affected by this statute.

The suggestion that the plaintiffs have ample remedies left because they still have open to them the courts of the United States, and of all the other individual states, is unworthy of serious consideration, because the courts of the United States do not entertain causes where so small an amount is involved ; and as to courts of the other states, the defendants can defeat plaintiffs' rights by the very simple expedient of always staying within the boundaries of Maine. The statute is in direct conflict with that provision of the Federal Constitution forbidding the states to pass any law impairing the obligation of contracts. And our Maine Constitution has the same provision. We arrive at this conclusion in this way. The discharge in insolvency being of no effect, the contract is in full force, unperformed on the part of the defendants, and fully entitled to protection under the clause last mentioned. *Bronson* v. *Kinzie*, supra ; *Call* v. *Hagger*, 8 Mass. 430 ; *Jones* v. *Crittenden*, 1 Car. Law Rep. 385 ; S. C. 6 Am. Dec. 531 ; *Bailey* v. *Gentry*, 1 Mo. 164 ; *Bumgardner* v. *Circuit Court*, 4 Mo. 50 ; *James* v. *Stull*, 9 Barb. 482. No other state has passed such a statute.

*F. A. Waldron*, for defendants.

We do not deny any rights to these plaintiffs that are not denied to our own citizens. In fact, they are in every respect placed on an exact level with the citizens of Maine, so that they do enjoy all the privileges and immunities of citizens of the several states, including those of Maine. Their rights have not been abridged. The law remains just as it was when the contract was made, and this very contingency was made a part and parcel of their contract, by virtue of the law then and now in force.

The mistake of counsel for plaintiffs is in treating this matter as though the law had been changed after the contract had been made.

But it is a well-settled rule of construction, that if a statute is susceptible of two interpretations, one of which will render it

unconstitutional, and the other will not, the latter should always be adopted. *State* v. *Intoxicating Liquors*, 80 Maine, 57.

In 1883, the Legislature of Michigan enacted an insolvent law which placed foreign creditors upon a better footing than domestic ones, by granting them certain rights which were denied to creditors of their own state ; and the law court in the case of *Risser* v. *Hoyt*, 53 Mich. 185, pronounced the statute unconstitutional and void on that account. And yet counsel for plaintiffs asks to have the statute construed in such a way as to allow these plaintiffs to maintain a suit in our courts, simply because they are citizens of another state, while that right is denied to our own citizens. Such an interpretation would render the statute clearly unconstitutional, since then the citizens of each state would not be " entitled to all the privileges and immunities of citizens of the several states." The citizens of Maine would not enjoy, but would be deprived of the rights which would thus be enjoyed by the citizens of every state in the Union except Maine.

The statute is just. It places all creditors on the same basis, whether they reside in Maine or Pennsylvania. It has been found necessary from experience, for the protection of our own citizens, just as the law now embodied in R. S., c. 27, § 56, was found necessary from practical experience, of which Judge WALTON, in *Meservey* v. *Gray*, 55 Maine, 540, says : "It was not only competent, but wise, in our legislature to pass a law declaring that they should receive no aid from our courts in collecting pay for their liquors." The courts are expressly forbidden to enforce this claim in suit.

The statute makes no exceptions in favor of foreign creditors ; nor is there any reason, either upon principle or authority, why there should be any such exception. The sole object of the insolvent laws of this State is that all creditors shall stand upon an equal footing and all fare alike.

The provision of the federal and state constitutions which prohibits a State from passing any law impairing the obligation of contracts has no application to the case under consideration.

While the obligation of contracts, wherever it exists, is

always to be protected and sheltered by the broad canopy of the constitution, yet that which is purely a matter of process or remedy is to be governed and regulated by the laws of the place where the remedy is sought. Although citizens of another State, the law was before the plaintiffs' eyes when the debt was contracted and where the remedy for its satisfaction was invoked. There had been no change in this respect. They came here and made this contract. They came here and sought the lex fori, and they must be satisfied with the law which they find here, such as the citizens of this State are obliged to submit to. Neither the comity between States, nor the constitutional provisions relating to the obligation of contracts, can be invoked in this case.

They had due notice of the insolvency proceedings of these defendants and might have proved their claim and received their proportion of the assets, but refused to do so, and claimed rights superior to those of our own citizens, simply because they did not reside in Maine. They have no just ground of complaint, because they are placed on the same plane with the citizens of our own State, and if they have lost the right to share in the estate of defendants with the other creditors, it is their own fault. The plaintiffs had ample justice done them by being allowed to enjoy equal privileges with the citizens of this State.

The law was then as it is now, and both parties must abide by it and construe their contract the same as if it were written in and formed a part of the contract, in accordance with the universal principle that the laws in existence when the contract is made enter into and become a part of such contract. *Ex Parte Christy*, 3 How. 328; *Clark* v. *Reyburn*, 8 Wall. 322; *Walker* v. *Whitehead*, 16 Wall. 317-318; *Kring* v. *Missouri*, 107 U. S. 233; *Memphis* v. *U. S.* 97 U. S. 293; *Seibert* v. *Lewis*, 122 U. S. 284-294; *Butz* v. *City of Muscatine*, 8 Wall. 575; *Mobile* v. *Watson*, 116 U. S. 305; *Curran* v. *State of Arkansas*, 15 How. 319.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WALTON, J. The discharge of a debtor under a state insolvent law is no bar to an action by a citizen of another state who did not in any way become a party to the insolvency proceedings. It is not within the constitutional authority of a state to enact a law that will give such an effect to an insolvent's discharge. And this is a rule of constitutional law which has already been so thoroughly examined and so fully discussed, and is now so firmly established, that a further discussion of it at this time would not only be unprofitable, but inexcusably wearisome. *Felch* v. *Bugbee*, 48 Maine, 9 ; *Hills* v. *Carlton*, 74 Maine, 156 ; *Pullen* v. *Hillman*, 84 Maine, 129, and authorities there cited.

The facts agreed upon in this case do not take it out of the operation of this rule. The defendants' discharge is no bar to the action.

The act of 1893, c. 278, can not be allowed to give it such an effect. To so construe the act would render it unconstitutional. *Fogler* v. *Clark*, 80 Maine, 237.

*Judgment for plaintiffs.*